FILED - USDC - FLMD - JAX
JUN 9 2025 AM11:12

**IN THE UNITED STATES DISTRICT COURT MIDDLE DISTRICT OF FLORIDA , JACKSONVILLE DIVISION**

**CHARLES C. FORCE**, 3:25-cv-633-MMH-MCR
**Plaintiff,**
**v.**
**JUDGE ELENI ELIA DERKE and MARQUITA GREENE,**
in their official capacity as a judicial officers of the County Court of the Fourth Judicial Circuit in and for Duval County, Florida, and

**CAPITAL ONE, N.A.,** as Necessary Party under Rule 19(a), and

**GUSTAVO RAMIRO KRUSS, individually,**
**Defendants.**

**COMPLAINT FOR DECLARATORY RELIEF**

**INTRODUCTION**

**Preliminary Statement of Extraordinary Judicial Misconduct and Constitutional Violations.**

This Complaint details **no fewer than thirty plus paragraphs detailing as many fatal procedural, constitutional, and jurisdictional violations committed under color of state law** by Judge Eleni Derke and Magistrate Marquita Greene in Duval County, **Florida Small Claims Court. Each individual violation—any one by itself— would be sufficient grounds to render the May 12, 2025, judgment void ab initio.** Taken together, these acts form a

systemic pattern of abuse, obstruction, and judicial lawlessness that has denied the Plaintiff access to the courts, deprived him of due process, and legitimized manufactured evidence in an alleged debt collection action **that was Federally barred from inception.** The record reflects a deliberate institutional effort to suppress filings, expel authorized court participants, conceal exculpatory evidence, and enforce a void judgment through unconstitutional means. This case is not about minor clerical errors or harmless oversights. **It is about a state court judge willfully weaponizing judicial power to silence opposition, erase valid court appearances, and retroactively nullify lawful filings—all in service of enforcing an unlawful debt claim unsupported by any legal standing, for a plaintiff who supplies this court a massive number of cases each and every month.** . The facts herein demand declaratory and injunctive relief under federal law, not only to protect this Plaintiff, but to expose and remediate the ongoing denial of constitutional rights in Duval County's small claims court system.

1. This action is brought pursuant to 28 U.S.C. §§ 2201–2202 and Rule 57 of the Federal Rules of Civil Procedure. In accordance

with *Ex parte Young*, 209 U.S. 123 (1908), Plaintiff seeks prospective declaratory relief against a state official in her official capacity, not for damages, but solely to invalidate an unconstitutional judgment.

2. Plaintiff seeks a declaration that the Final Judgment entered on May 12, 2025, in the Small Claims Division of the County Court of the Fourth Judicial Circuit in and for Duval County, Florida, is void due to violations of constitutional due process rights.

3. Plaintiff further seeks a declaration that said judgment was rendered in violation of the Fourteenth Amendment of the U.S. Constitution and is legally unenforceable. Critically, the underlying claim **was independently barred under federal law**—specifically, the Fair Debt Collection Practices Act ("FDCPA"), ~~15 U.S.C. § 1692 et seq~~.—***rendering the entire proceeding a legal nullity.***

4. Additionally, the lawyers for the Plaintiff **manufactured evidence** in order to fabricate standing and preserve a legally unenforceable lawsuit. **This fraudulent act constitutes judicial fraud upon the court by definition and** under well-

established precedent. See *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 245–246 (1944); *United States v. Throckmorton*, 98 U.S. 61, 65–66 (1878).

Despite full knowledge of this fraud, Judge Derke not only failed to act, but actually endorsed the fraud by adopting the plaintiff's proposed order verbatim, omitting any mention of the Defendant's unopposed dispositive motions or the documented submission of manufactured evidence, **all while acting under color of law.** This constitutes fraud upon the court, rendering the judgment void ab initio. See United States v. Throckmorton, 98 U.S. 61 (1878); Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238 (1944). Result is that this adopted order prepared by the opposition lawyer also conveniently omitted any reference this same law firm's judicial fraud upon the court in the submission of manufactured evidence, that the Defendant documented in his motions filed on the record, which also went ignored by Judge Derke.

5. **The judgment was not authored by the Court but was instead ghostwritten by Plaintiff's attorneys and rubber-**

**stamped without independent analysis.** None of Defendant's filings—including a Motion to Dismiss for Lack of Standing, Affirmative Defenses and Counterclaims, Motion for Summary Default of Plaintiff, or Motion to Dismiss for Jurisdictional and Due Process violations—were ruled upon. **ALL** defendant's motions were left pending and unopposed by the Plaintiff, rendering this order VOID as a matter of state law, explained below.

6. Judge Derke's conduct, including the verbatim adoption of a one-sided order and failure to address dispositive motions, while acting under color of law, deprived the Plaintiff of even the appearance of due process to a process he was summonsed to. **It suggests the kind of retaliatory and institutional protectionism rarely challenged in state court due to the chilling effect on attorneys' professional licensure. As a private citizen, Plaintiff has no such fears—and will state the truth plainly here, as the Constitution permits.**
7. **Despite knowledge of manufactured evidence and unlawful conduct.** Judge Derke protected the Plaintiff's

lawyers—who routinely file very **large quantities** of similar small claims lawsuits in Duval County. Their Principal, the plaintiff. Capital One C.A. alone apparently accounts for an average of over of approximately 100 small claims cases per month in that courthouse alone. **This extraordinarily high volume litigation appears to have created a de-facto policy of institutional deference, undermining the impartiality of the judiciary. Judicial inaction in the face of the known fraud constitutes misconduct** recorded on the record, under Canon 3 of the Florida Code of Judicial Conduct and **is a felony deprivation of rights under 18 U.S.C. § 242.**

8. Plaintiff has no adequate remedy in the state court system, where due process rights have been effectively suspended through bureaucratic inertia, retaliatory silence, ex parte adjudication, **tactically omitted findings of fact and conclusions of law to making it meaningfully unreviewable**, rendering such incomplete rulings as "PCA Confirmed" on appeal.

## JURISDICTION AND VENUE

9. This Court has jurisdiction under 28 U.S.C. § 1331 **(federal question),** 28 U.S.C. § 1343(a)(3) **(civil rights)**, and 28 U.S.C. §§ 2201–2202 **(Declaratory Judgment Act).**

10. Venue is proper under 28 U.S.C. § 1391(b)(2) as the events giving rise to this complaint occurred in Duval County, Florida, within the Middle District.

11. **Re: EXHIBITS:** A detailed list of attached exhibits and supporting documents is provided in Paragraph #22 below and incorporated by reference throughout this Complaint.

## PARTIES

12. Plaintiff, Charles C. Force, in propria persona, is a natural person and resident of Duval County, Florida, and was the Defendant in the state small claims action.

13. Defendant, Judge Eleni Elia Derke, is sued in her official capacity only, as a judicial officer of the County Court of the Fourth Judicial Circuit in and for Duval County, Florida, for the sole purpose of seeking prospective declaratory relief to nullify an nconstitutional judgment.

14. Capital One, N.A., is a national banking association headquartered in McLean, Virginia, and is joined solely as a necessary party under Rule 19(a) of the Federal Rules of Civil Procedure, as the named plaintiff and direct beneficiary of the state court judgment at issue in this action. Capital One is not sued for damages or for any relief beyond its interest in the validity of the state judgment.

## FACTUAL BACKGROUND

15. On May 12, 2025, Judge Eleni Elia Derke entered a final judgment against Plaintiff in the referenced small claims case.

16. The judgment was adopted verbatim from a proposed order submitted by Plaintiff's counsel, without addressing **ANY** of the Defendant's **UNOPPOSED** and **dispositive motions then pending on the docket.**

17. The proposed order deliberately excluded material facts, including the allegation that the **Plaintiff's counsel had manufactured evidence to support a claim that was therwise unenforceable under federal law.**

18. At the time of the judgment, among the motions that remained pending and were entirely unopposed included : (a) Motion to Dismiss for Lack of Standing, (b) Affirmative Defenses and Counterclaims detailing fraud upon the court, (c) Motion for Summary Default, and (d) Motion to Dismiss for Due Process and Jurisdictional violations, and **a COUNTERCLAIM for state statutory penalties that was never ruled on.**

19. Judge Derke failed to rule on or even acknowledge these motions, entering **and recording** a judgment devoid of findings of fact or conclusions of law, in violation of Rule 52(a)(1) of the Federal Rules of Civil Procedure and Florida analogues. See Bray v. Gill, 544 So. 2d 998, 999 (Fla. 5th DCA 1989) ***"A trial court commits reversible error by entering a judgment without resolving pending dispositive motions."*** See also Fla. R. Civ. P. 1.530; Fla. Sm. Cl. R. 7.110(e).

20. In addition, Plaintiff had filed a formal counterclaim in the underlying state action, which was never ruled upon or acknowledged in the final judgment. Florida Small Claims Rule 7.110(e) provides that: ***"If a counterclaim or setoff is pleaded,***

***judgment on the claim shall not be entered until the counterclaim or setoff is disposed of."*** **That procedural safeguard was ignored**. See <u>Perkins v. Yellow Cab Corp., 568 So. 2d 484 (Fla. 4th DCA 1990)</u> **"A judgment entered while issues remain pending is premature and void."** **<u>Because the final judgment failed to dispose of the pending counterclaim, it is void as a matter of law.</u>**

Plaintiff has filed a timely motion for re-hearing in the underlying state case, requesting adjudication of all pending motions, with findings of fact and determinations of law used in the ruling, including the counterclaim that was filed and not answered. **<u>Plaintiff notes that Rule 7.110(e) prohibits entry of final judgment until all counterclaims are resolved.</u>** Any retroactive dismissal of the counterclaim after entry of final judgment would not cure the original due process violation or render the judgment valid. Instead, **<u>it would compound the procedural defect and further demonstrate the arbitrary nature of the state court's process.</u>** Supports a Pattern-of-Misconduct Argument. Plaintiff has filed a timely Motion for

Rehearing in the underlying state case, requesting adjudication of multiple dispositive motions that remained pending and unruled upon at the time of final judgment. These include **twenty-three separate filings** by Defendant between (Docket #13 and #49), all of which were **unopposed by Plaintiff** and none of which were adjudicated prior to judgment. These unrebutted motions include:

21. **ALLEGATIONS REGARDING ATTORNEY RAMIRO GUSTAVO KRUSS.** Plaintiff alleges that Attorney Ramiro Gustavo Kruss, acting on behalf of Capital One, **knowingly introduced or relied upon fraudulent documentation in a state court proceeding that was initiated despite the claim being unenforceable under federal law.** He nannot claim ignorance, as this was speficically notified in a certified letter TO CEASE AND DESIST in the Axhibits, before he filed the lawsuit. **Such actions—when performed in conspiracy with, or with the tacit endorsement of, judicial officers—can constitute action taken under color of state law** for purposes of 42 U.S.C. § 1983. See Tower v. Glover, 467 U.S. 914, 920 (1984) ***("Private parties who are jointly engaged with state officials in the***

***challenged action are acting 'under color' of law.").*** Further, the **submission of knowingly false evidence to secure a judgment violates due process and constitutes a fraud upon the court.** See Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238, 246 (1944) ***(fraud upon the court "involves a deliberately planned and carefully executed scheme" to corrupt the judicial process).*** Accordingly, Plaintiff seeks declaratory findings as to the impropriety of Mr. Kruss's actions and refers his conduct for disciplinary review by the Florida Bar and investigation by appropriate enforcement agencies.

22. (EXHIBIT LIST AND INCORPORATION by Reference of Judicially Noticeable Documents). The EXHIBITS listed below are recorded court docket entries and related filings that are publicly accessible as public records through the official Duval County Clerk of Courts website **https://www.duvalclerk.com/ccWebsite/civilCaseSearch.aspx** , by entering Case No. **16-2025-SC-000393-AXXX-MA**. These documents are capable of judicial notice by this Court under Federal Rule of Evidence 201(b)(2), as they are publicly filed state

court records ***"whose accuracy cannot reasonably be questioned."*** See United States v. Jones, 29 F.3d 1549, 1553 (11th Cir. 1994) (federal courts may take judicial notice of state court proceedings); Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1278 (11th Cir. 1999) **(permitting judicial notice of public records available from official sources).** In accordance with Federal Rule of Civil Procedure 10(c), and under judicial notice doctrine as recognized in Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007), and Universal Express, Inc. v. SEC, 177 F. App'x 52, 53 (11th Cir. 2006), Plaintiff hereby incorporates by reference all of the above docketed documents into this Complaint. These documents, while not attached in full, are part and parcel of this pleading and form the evidentiary foundation for Plaintiff's federal claims.

A. Final Summary Judgment from Judge Derke and it's recording in the court Book of judgments, (Dkt #50) and it's re-recording on court Book of Judgments, (Dkt #52. **Hard copy attached**.

B. Hard copy of official court docket entries from court portal.

C. Letter to Cease and Desist to Plaintiff , (Dkt #5) part B **Hard copy attached.**

D. Judicial Notice listing the court's legal and process violations incurred due to Hudge Derke's final summary judgment, and NOTICE OF CONTRUCTIVE DENIAL OF REHEARING, ABUSE OF DISCRETION, details of JUDICIAL RECODS TAMPERING (Dkt #55) **and hard copy attached.**

E. MOTION TO STRIKE PLAINTIFF'S PREMATURE CERTIFICATE OF SERVICE OF VOID JUDGMENT Dkt #60 **and** hard copy attached

F. MOTION TO STRIKE VOID PREMATURE JUDGMENT ENTRY FROM JUDGMENT BOOK Dkt #59 **and hard copy attached**.

G. Motion to Dismiss for Lack of Standing and Statutory Counterclaims (Dkt. #13);

H. Affirmative Defenses asserting failure to state a claim and unclean hands (Dkt. #14);

I. Exhibits supporting counterclaims and administrative notices (Dkt. #15);

J. Legal brief on prohibited "debt recycling" and fraudulent evidence manufacturing by Plaintiff's attorney;

K. Motion to refer Plaintiff's attorney GUSTAVO RAMIRO KRUSS to authorities for ethical and criminal violations (Dkt. #18);

L. Judicial notice of Plaintiff's summary default and invalid mediation proceedings (Dkt. #21);

M. Petition for Summary Default and request for judicial review of ex parte misconduct of Magistrate Greene (Dkt. #25); disappeared and refilled as Dkt #45, initial motion for summary default (mislabeled by court/ignored) Dkt#21;

N. Multiple formal complaints and judicial notices regarding Magistrate Greene's improper actions (Dkt. #26 through #30);

O. Motion to Strike improper Plaintiff filings and evidence (Dkt. #34, #35);

P. Motions compelling court action due to excessive delays for rulings (i.e. NO ACTION)and objections to improper scheduling of ultra vires Hearing (Dkt. #36–#38);

Q. Filing demonstrating **<u>lawsuit was federally barred (Dkt. #40);</u>**

R. Additional procedural objections, motions to dismiss, and reassertion of summary default (Dkt. #41, #45, #48, #49);

S. Motion for Rehearing and Clarification (Dkt. #51).

**<u>Judge Derke's judgment was entered in complete silence to these pleadings and legal challenges.</u>**

T. Defendant's Demand to CEASE AND DESIST, detailing how plaintiff's lawyers manufactured a fraudulent claim, **<u>while operating in the function of a Debt collector</u>**, using backdated documents and evidenced in the associated certified letters. This document was later used by the same law firm to bring the lawsuit, now acting as lawyers for the plaintiff as the Cause Of Action central to bringing the lawsuit for their client. **<u>Without this manufactured evidence, the Plaintiff had no valid claim</u>**, as was detailed in Defendant's letter to CEASE AND DESIST demonstrating WHY their plaintiff's claim was legally VOID before they received it, for Plaintiff's REPEATED willful failure to validate the claim as required by

the FDCPA in a chain of successive collection agencies who returned this claim back to the Plaintiff as inappropriate for collection and not able to validate. This unlawful repeated act by the Plaintiff is known as "debt claim recycling: So the Plaintiff's lawyers manufactured this new (fake) evidence from their role as debt collector, pretending this would now give them prima facie standing for their client, however unlawful it was. (Dkt #15 part B). In the end, **even the Plaintiff's lawyers themselves acting as a debt collector never provided the verified validation required byFederal law )FDCPA).**

u. OBJECTION TO PREMATURE CERTIFICATE OF SERVICE IDDUED BY PLAINTIFF AND NOTICE OF PRESERVATION OF POST-JUDGMENT RIGHTS-DEFENDANT (Dkt #58), and motion to strike the following day.

v. MOTION TO REFER VIOLATIONS OF LAW TO THE FLORIDA ATTORNEY GENERAL, THE STATE ATTORNEYS OFFICE AND THE FLORIDA BAR (Dkt #18)

w. COMPLAINT to US DOJ for FEDERAL CIVIL RIGHTS VIOLATIONS AGAINST DUVAL COUNTY FLORIDA COURT MAGISTRATE MARQUITA GREENE (Dkt #26)

x. LUDICIAL QUALIFICATIONS COMMISSION COMPLAINT (FORMAL) AGAINST MAGISTRATE GREENE FOR JUDICIAL MISCONDUCT AND VIOLATIONS OF FLORIDA JUDICIAL CANONS (Dkt #27)

y. COMPLAINT TO CHIEF JUDGE FOR JUDICIAL MISCONDUCT AGAINST MAGISTRATE GREENE (Dkt #28)

**<u>All of these remain unrebutted by the opposition, and unaddressed by Judge Derke in her final order.</u>**

23. On May 19, 2025, Judge Derke entered two back-to-back orders, further compounding the due process and jurisdictional violations central to this action. First, at 9:31 AM, she issued an **<u>unreasoned and conclusory</u>** order denying Defendant's Motion for Rehearing and Clarification, which had raised unrebutted arguments demonstrating that the Court's Final Judgment was void for failure to adjudicate pending motions, jurisdictional

defects, and constitutional violations, **committed while acting under color of state law.(Dkt #51)**

24. Thirty-four minutes later, at 10:14 AM, the same judge entered a second order purporting to **RETROACTIVELY** strike Defendant's Durable Power of Attorney (Dkt. #12), which had been filed over three months earlier, unopposed, and accompanied by multiple memoranda of law and clarification filings. The order falsely characterized the POA as an unauthorized "representation" and as constituting the unlicensed practice of law—despite Defendant's unambiguous filing at Dkt. #49 (April 28, 2025) **clarifying that Defendant always was and remains pro se,** and that his father, Charles A. Force Sr., acted solely in an administrative and secretarial capacity by filing pleadings during the Defendant's temporary absence from the state while completing graduate studies.

The Court's retroactive order striking the POA was issued ****AFTER** final judgment had already been entered and recorded. Adding insult to injury, Judge Derke even denied Defendant's Motion for Rehearing **AFTER** her**

**final judgement was entered, too!** This raises serious questions about the **court's jurisdiction under color of law** to enter such a ruling post hoc **especially making it ULTRA VIRES.executed under color of law and without adversarial process.and without addressing any of the prior pleadings filed by Defendant defending the use of the POA** contained in the filed objection to Plaintiff's motion to strike (hat went unaddressed too). All such filings (including Dkts. #41, #42, and #49) **went unrebutted and ignored by by Judge Derke.** Under Florida law, a trial court loses jurisdiction to alter substantive rights or grant new relief once a final judgment has been entered and rehearing denied. See Francisco v. Victoria Marine Shipping, Inc., 486 So. 2d 1386 (Fla. 3d DCA 1986); Pompano Atlantis Condo. Ass'n v. Merlino, 415 So. 2d 153 (Fla. 4th DCA 1982). **As such, Judge Derke's post-judgment ruling striking the POA exceeds her lawful authority and is void for lack of jurisdiction.** See also State ex rel. Landis v. Kress & Co., 155 So. 823, 827 (Fla. 1934) **(final judgment terminates**

**jurisdiction absent timely rehearing).**

25. Moreover, any attempt to retroactively dismiss or dispose of a counterclaim or dispositive motion after final judgment is not merely procedurally defective — **it is legally impermissible and void for want of jurisdiction**. Florida law holds that **a trial court loses authority to alter substantive rights once a final judgment is entered and a timely motion for rehearing has been denied.** See Francisco v. Victoria Marine Shipping, Inc., 486 So. 2d 1386 (Fla. 3d DCA 1986). Any such post hoc ruling would not cure the original due process violation but **would instead constitute a form of judicial record manipulation, designed to fabricate procedural completeness where none existed.** Courts have consistently condemned such acts as exceeding lawful authority and undermining the integrity of the judicial process. See also Pompano Atlantis Condo. Ass'n v. Merlino, 415 So. 2d 153 (Fla. 4th DCA 1982) (***trial court lacks jurisdiction to enter post-***

***judgment orders affecting substantive rights once rehearing period lapses***).

26. This **retroactive maneuvering cannot cure** the procedural and constitutional violations that occurred and instead further demonstrates the **retaliatory nature** of the Judge Derke's actions. **Florida Small Claims Rule 7.110(e) expressly prohibits the entry of any judgment while a counterclaim remains unresolved.** The Court's omission constitutes a jurisdictional defect and **renders the judgment void ab initio.** Any subsequent attempt to "correct" these errors by dismissing the counterclaims or motions post-judgment, under the guise of rehearing, would **constitute** judicial retaliation **and an abuse of discretion.** The Florida Supreme Court and District Courts of Appeal have consistently held that such conduct violates procedural due process and exceeds the bounds of lawful authority. See *Perkins v. Yellow Cab Corp.*, 568 So. 2d 484 (Fla. 4th DCA 1990) ("***A judgment entered while issues remain pending is premature and void.***").

27. **These actions confirm a pattern of retaliatory post-judgment maneuvering by the Court to justify unlawful rulings after-the-fact, and constitute a knowing deprivation of rights under color of state law in violation of 42 U.S.C. § 1983. They further establish the legal and factual basis for declaratory relief from this Court under Ex parte Young, 209 U.S. 123 (1908), as no state court remedy remains available or adequate. The state court has demonstrated an unwillingness to adjudicate dispositive issues against this Plaintiff and it's lawyers, and has instead insulated its own violations through silence, delay, and legally unauthorized post-judgment actions, leaving Federal intervention as the only viable remedy for enforcing due process and constitutional protections.**

28. **Counterclaim remains unresolved —rendering the judgment void by law.** In this Motion for Rehearing was a formally filed **counterclaim,** which was never addressed or adjudicated in Judge Derk's ruling. Florida Small Claims Rule

7.110(e) **expressly prohibits the entry of judgment while a counterclaim remains unresolved:** ***"If a counterclaim or setoff is pleaded, judgment on the claim shall not be entered until the counterclaim or setoff is disposed of."*** **The Jusge Derke's failure to rule on the counterclaim renders the judgment void ab initio. Any attempt now to retroactively dismiss or dispose of the counterclaim under the guise of rehearing would constitute an unlawful post hoc correction that violates Plaintiff's due process rights and exceeds the Court's authority under Rule 1.530, which does not allow a trial court to cure jurisdictional defects or constitutional violations after final judgment. See Perkins** v. Yellow Cab Corp., 568 So. 2d 484 (Fla. 4th DCA 1990) **("A judgment entered while issues remain pending is premature and void."). Any such maneuver would not only fail to remedy the due process violations, but would further demonstrate judicial retaliation and procedural manipulation designed to shield the original unlawful**

**judgment from federal review.**

**29.** Violation of remote trial procedures: Plaintiff had also objected to the conduct of a remote video-trial, which proceeded in violation of Florida Small Claims Rule 7.090(f) and **without any record or transcript as required by Rule 2.535(f)** of the Florida Rules of General Practice and Judicial Administration. **Secret hearings, especially exparte, are unlawful.**

30. Plaintiff **separately filed formal notice of judicial misconduct involving Magistrate Marquita Greene after a pretrial hearing which was denied** to the Plaintiff **(yet is REQUIRED under local small claims rules and detailed in the court record),** with magistrate Marquita Greene holding and ex-parte pretrial mediation with the plaintiff, with an unauthorized stand-in lawyer, whilst expulsing the Plaintiff from the courtroom by the Bailiff. This forcible and unjustified eviction from the courtroom occurred precisely **because Plaintiff Force questioned the Magistrate WHY the pretrial mediation**

**had not been conducted, or even conducted in accordance with the mandatory local small claims rules for requiring presentation of specific authorizations at this summonsed hearing; rules which Magistrate Greene clearly was very ignorant of or willfully chose to ignore.** When Plaintiff attempted to notify her of those rules in open court with a formal Judicial Notice, she brazenly refused to accept it, and immediately ordered the bailiff to remove him — "along with his papers." From the court, and curtly escorted Mr. Force out odf the building. The Judge Derke effectively any opportunity to object or be heard.

31. This blatant procedural violation was executed by Magistrate Greene WITHOUT any contempt finding or formal reprimand, constitutes an **UNLAWFUL EVICTION WITHOUT WARNING, i**n direct violation of established courtroom decorum protocols and due process principles. Defendant was summarily removed from the courtroom during a pretrial mediation session in the Capital One case (case No.: 16-2025-SC-000393-AXXX-MA) **without any prior warning, citation, or lawful justification.**

At no point was Defendant disruptive or in contempt of any standing order; rather, Defendant was lawfully asserting procedural objections, including the right to in-person mediation that was being denied and rejection of an unauthorized video proceeding. This unlawful expulsion **occurred under color of judicial authority and deprived Defendant of meaningful access to the proceeding, in clear violation of his constitutional rights to court access and fair hearing.** Furthermore, the April 8, 2025, hearing was procedurally defective and constitutionally infirm because the removeal from the courtroom was ordered **without any formal warning, reprimand, or finding of contempt.** This removal was conducted solely at the discretion of the magistrate, without disruptive behavior on the record and without opportunity to be heard, and had absolutely nothing to do with the Defendant's POA. Such actions violate the due process principles articulated in *Illinois v. Allen*, 397 U.S. 337 (1970), **which requires that *no person be expelled from a courtroom absent a formal finding of disruption and only after less severe alternatives***

***have been attempted.*** **No such steps were taken here.** This arbitrary exclusion deprived the Defendant of critical constitutional protections during a pivotal stage of proceedings. This is repeated in:

1. People v. Merkouris, 46 Cal.2d 540 (1956): "…***misconduct must be found before any exclusion from court proceedings***"

2. Reinforces that due process **mandates a finding of misconduct** before **a participant can be lawfully excluded from court proceedings**. No such evidence appears on the record.

3. In re Oliver, 333 U.S. 257, 273 (1948):Due **process requires that parties be present, heard, and warned before any punitive action or exclusion can be imposed. Secret or summary removals violate fundamental fairness.**

Such actions violate the due process principles articulated in *Illinois v. Allen*, 397 U.S. 337, 343 (1970), **which requires that**

**no party be expelled absent a formal finding of disruption and only after less severe alternatives have been attempted.**

32. This eviction is tantamount to judicial retaliation, for attempting to point out the rules to a Magistrate acting who willfully ignored local court rules served to her in the form of a judicial notice and she refused to receive a formal judicial notice, which also is unlasgul. The motions and evidence on the court record proving the violation from the Pretrial Mediation Hearing (the small claims court rules **require mandatory** Summary Default of the Plaintiff for this) were **NEVER ADDRESSED OR EVEN ACKNOWLEDGED in any order by Judge Derke.** These events well documented in the court record went completely ignored by Judge Derke in her final order. These acts of judicial misconduct were reported by Mr. Force to the Florida Judicial Qualifications Commission and with copies filed to the court record by with the JQC essentially responding that that they were not interested in the complaint**, that their process requires that the state judge attending the case to refer such acts**

**over to them, in order for them (the JQC) to act. Judge Derke's ruling effectively covered up this judicial misconduct by her Magistrate, by not addressing any of the motions submitted reporting this, essentially creating a full circle of protection further enabling this corruption of Judge Derke's court.** A similar response was received by the Florida Bar in regards to Plaintiff Force's complaint for the lawyer's **manufactured evidence and fraud upon the court,** also stating that they **required the attending judge in the case refer such illegal acts to them, in order for the Bar to act on them**. This further demonstrates the complicit action of Judge Derke's ruling **protecting the lawyers for Capital One, for their judicial corruption, in addition to her Magistrate. Again, a full circle of protection of the corruption is demonstrated in Judge Derke's courtroom, with her grossly incomplete final ruling, protecting the unlawful acts of her magistrate and those of the attorneys for Capital One bank, at the expense of the Defendant's rights.**

32a) Critically, Judge Derke's Final Judgment made no mention whatsoever of the procedural and constitutional violations committed by Magistrate Marquita Greene during the pretrial mediation. Despite receiving multiple filings from Plaintiff documenting this misconduct—including unlawful expulsion from court, refusal to accept a judicial notice, **and ex parte engagement with an unauthorized attorney**—Judge Derke failed to acknowledge, correct, or rule upon any of these matters. This omission is not merely judicial indifference; it constitutes ratification of those violations under color of state law. As the final judicial actor in the case, Judge Derke's silence served to legitimize Magistrate Greene's misconduct and incorporate it into the judgment now challenged. Her failure to act upon such egregious misconduct further **confirms the systemic deprivation of rights under color of law** and is a central basis for declaratory relief under Ex parte Young and 42 U.S.C. § 1983.

32b) Although the final judgment and post-judgment rulings were signed by Judge Derke, the abuses committed by Magistrate

Marquita Greene during the required pretrial mediation—including the unlawful expulsion of Plaintiff from the courtroom, refusal to accept properly filed judicial notice, and **ex parte engagement with an unauthorized "stand-in" attorney for the Plaintiff (attorney of record** GUSTAVO RAMIRO KRUSS never presesented) —formed a material part of the procedural due process violations later ratified by Judge Derke's silence. While Plaintiff does not name Magistrate Greene as a party here, her actions were formally reported to both the Court and the Florida Judicial Qualifications Commission, with no corrective action taken. **It was ultimately Judge Derke's responsibility, as the presiding judge, to review and respond to these procedural violations,** particularly since they were raised in multiple motions and docket entries (#21, #25, #27, #28, and #29). Her failure to acknowledge, correct, or even reference these violations in her final ruling and orders constitutes implicit ratification under color of law, reinforcing the constitutional defects warranting declaratory relief in this action.

33. Judge Derke's final judgment was entered within only hours of reception of the state case Plaintiff's proposed order, **without so much as a motion for such an order to accompany it (!),** or opportunity to oppose any such motion had one even existed, nor the opportunity to oppose the opposition's proposed order (again, it was rubber "stamped" by Judge Derke only hours after reception, demonstrated on the court record)—**suggesting VERY improper process and an inproper retaliation,** in violation of state and federal protections including 42 U.S.C. § 1983, Fla. Stat. § 448.102, and § 112.3187.

**34.** Despite the defendant's diligent efforts in filing and the numerous substantive motions documenting the above—detailing over 20 serious critical legal and procedural issues at that point—Judge Derke still failed to acknowledge or rule on any of them. This pattern of inaction culminated in the Court's reissuance of an identical Final Order on May 16, 2025, without addressing the Motion for Rehearing filed on May 15, 2025. **Such conduct constitutes a dereliction of duty and a WILLFUL refusal to adjudicate the defendant's pending motions, and reflects**

**an abuse of judicial discretion under color of law. Notably, Mr. Force's motions highlighted that the Capital One's claim was BARRED UNDER FEDERAL LAW (!!!), specifically the Fair Debt Collection Practices Act (FDCPA), and that the plaintiff lacked standing due to an unenforceable claim.** The Court's persistent disregard for these substantive issues not only violates due process rights **but also raises serious concerns about the impartiality and integrity of the judicial proceedings. The Judge Derke's actions demonstrate a systemic failure to uphold the principles of justice, necessitating federal intervention to address these violations and to ensure the enforcement of constitutional protections.**

35. **Judicial Record Deletion by Unauthorized Third Party** On or about April 22, 2025, Defendant discovered that a previously filed pleading—consisting of a Petition for Summary Default, a **Proposed Order Granting Summary Default, and a Motion for Judicial Review of Magistrate Green's Judicial Misconduct**—had been unlawfully removed from the

official Duval County court docket. These documents, originally filed on March 18, 2025, and recorded as docket entry #25, were deleted without court order or notice. The removal was executed by Larry Ashley, an IT contractor affiliated with "Workflow," a non-judicial third-party services provider retained by the City of Jacksonville. The Defendant then refiled that same motion that was deleted from the docket (Dkt #25) **6 weeks later**, which included Defendant's motion for SYUMMARY DEFAULT OF PLAINTIFF inkling a request for JUDICIAL REVIEW OF MAGISTRATE GREENE'S JUDICIAL MUSCONDUCT) 5 Weeks later. Some days after Judge Derke's final ruling, the Defendant's **previously deleted** Dkt #25 miraculously **"reappeared"** on the docket gain, approximately 2 months after it was deleted.

36. **Unauthorized Court Record Tampering by City Contractor** Mr. Ashley operated under the municipal domain @coj.net and apparently had no lawful authority or demonstrated no authority to interfere with court records. This unauthorized action obstructed the judicial process and deprived the Defendant of access to a public record in violation of Florida and federal law.

The removal was later acknowledged by the contractor and documented on the case docket, as manager of the IT (internet) services, blocked the Defendant' electronic access to the court (detailed in Dkt #55).

37. **Judicial Silence and Disregard of Court Record Destruction** Defendant re-filed the deleted (obliterated) pleading as docket entry #45 on April 23, 2025. Despite formal notice to the Court regarding this deletion incident. Judge Eleni Derke issued her final ruling without acknowledging the tampering, addressing the Defendant's re-filed motion, or ruling upon the Motion for Judicial Review of Magistrate Greene's misconduct. Notably, docket entry #25—which had been missing from the docket for several weeks—reappeared mysteriously and without explanation near the time of Judge Derke's final ruling.

38. **Criminal Violations and Constitutional Offenses** The removal and delayed reappearance of court documents constitute grave violations of:

1. Fla. Stat. § 843.0855(2): tampering with official judicial records (third-degree felony);

2. Fla. Stat. § 839.13(1)(a): unlawful falsification or alteration of records;
3. 18 U.S.C. § 2071: concealment or destruction of federal court records;
4. Fla. Const. Art. I, § 21: denial of access to courts and due process.

39. **E-Filing Gatekeeping: Systemic Discrimination Against Pro Se Litigants** Additionally, the Duval County court's e-filing system is configured to deny portal access to self-represented litigants who are not bar-licensed attorneys. This restriction prevented Defendant from electronically filing his motion and proposed order. Such electronic filing through the court's online portal IS REQUIRED under local court rules. Upon instruction from the Clerk in order to comply with this electronic delivery to the court for motions for summary judgment and their required accompanied proposed order, the clerk provided Defendant the email address on the Judge's judicial assistant, Miss Boozer. Defendant submit the documents via email to the judge's judicial assistant, however, these email attempts were

intercepted and bounced (rejected) by the court's IT system, were returned undelivered as BLOCKED the (presumably programmed for this by Workflow), with copies on these blocked emails filed into the court record, (Dkt entry #45). **demonstrating that non-lawyer litigants are functionally barred from electronic court access required to comply with local rules.**

40. **SYSTEMIC E-FILING DISCRIMINATION AGAINST PRO SE LITIGANTS** Plaintiff further alleges that the Duval County small claims court's e-filing and document submission systems — administered in part by a third-party contractor known as "Workflow" under the City of Jacksonville — have been applied in a discriminatory manner that deprives pro se litigants of equal access to the courts. Unlike attorneys, who enjoy direct portal access and automatic docketing of filings, pro se parties are subjected to arbitrary suppression, obstruction, or deletion of submitted documents without judicial review, notice, or procedural recourse. This conduct constitutes a denial of equal protection and a violation of the right of access to courts under the Fourteenth Amendment. These unlawful practices are further

facilitated by the outsourcing of judicial administrative functions to unaccountable third parties with no legal authority to adjudicate filings or deprive citizens of due process.

41. **<u>Institutional Denial of Due Process Under Color of Law</u>**

These facts demonstrate not only procedural irregularities, but also unconstitutional restrictions on Defendant's right to due process and access to the courts. As such, these actions and omissions, taken under color of state law, support declaratory relief pursuant to 28 U.S.C. § 2201 and injunctive authority under 28 U.S.C. §§ 1361 and 1651.

**<u>FACTUAL SUMMARY AND PRAYER FOR RELIEF:</u>**

Plaintiff re-alleges and incorporates by reference all prior allegations and paragraphs of this Complaint as if fully set forth herein.

**Institutional Denial of Due Process Under Color of Law**

These facts establish not merely procedural irregularities, but egregious, repeated, and willful violations of both state and federal law. **<u>This Complaint identifies over thirty distinct constitutional and</u>**

**legal violations committed under color of state law—each independently sufficiently fatal to render the judgment void ab initio.** The conduct by STATE SMALL CLAIMS Judge Derke and Magistrate Greene—acting **without jurisdiction, in derogation of clearly established federal protections, and in knowing disregard of procedural and constitutional mandates—rises far beyond administrative error.** From the initial failure to recognize the case as barred under federal law, to the permitting of unlawful suppression of filings and record tampering (as addressed on the record), and **the use by Judge Derke of knowingly manufactured evidence submitted by Plaintiff's** attorney GUSTAVO REMIRO KRUSS despite repeated and documented notices that such evidence was fraudulent—each act **constitutes an ultra vires abuse of judicial authority**. Judge Derke's willful refusal to address this documented fraud upon the court **rendered her an accomplice in its concealment.** That fraud involved the use of manufactured evidence as the Plaintiff's cause of action—without which the Plaintiff lacked standing to sue. In addition, the retroactive and systematic erasure of Defendant's lawful appearance and Plaintiff's lack of authorized

appearance each constitute further ultra vires acts. There are no fewer than 36 distinct and fatal violations in the rulings issued, any one of which is sufficient to render the judgment void ab initio. See United States v. Throckmorton, 98 U.S. 61, 65–66 (1878) ***(fraud upon the court renders judgments void and subject to collateral challenge)***. These actions, undertaken under color of state law, demand declaratory relief pursuant to 28 U.S.C. § 2201 and injunctive remedies pursuant to 28 U.S.C. §§ 1361 and 1651.

Plaintiff brings this action solely for declaratory, equitable, and injunctive relief pursuant to 28 U.S.C. §§ 2201, 1361, and 1651. No compensatory or punitive damages are sought. However, to the extent necessary to establish jurisdiction, enforceability, or satisfy the requirements of Article III standing, Plaintiff respectfully includes a request for nominal damages in the amount of one dollar ($1.00), including costs. This nominal relief is asserted without waiver or adjudication of any other remedies that may be pursued in a separate forum.

**WHEREFORE, Plaintiff respectfully requests that this Court:**

**A.** Declare that the May 12, 2025, judgment in Case No. 16-2025-SC-000393-AXXX-MA is unconstitutional and unenforceable.

**B.** Declare that the procedures used to obtain the judgment violated Plaintiff's due process rights under the U.S. Constitution.

**C.** Declare that the underlying debt claim was barred under federal law and could not lawfully be pursued in any forum.

**D.** Declare that the Plaintiff in the state court action lacked legal standing to sue, as the alleged debt was unenforceable at law and incapable of supporting judicial relief.

**E.** Reaffirm plainly that the case brought by Capital One was barred from inception under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et seq.

**F.** Declare that any continued credit reporting, publication, or enforcement by Capital One of derogatory information arising from the void state court judgment constitutes an unlawful perpetuation of that judgment, and order Capital One to withdraw and cease all such reporting.

**G.** Declare that the removal of Defendant's judicial filings (including the Petition for Summary Default and Motion for Judicial Review) by a non-judicial contractor—without judicial order, party notice, or lawful authority—constitutes a constitutional violation under federal and Florida law. This unauthorized act deprived Plaintiff of access to the courts and resulted in unlawful concealment of dispositive motions on the public docket. Such conduct, taken under color of law by an outside IT vendor, was void and ultra vires, violating due process under the Fourteenth Amendment and Article I, Section 21 of the Florida Constitution.

**H.** Issue a declaratory judgment that Ramiro Gustavo Kruss, acting under color of law in coordination with judicial officers, introduced or relied upon knowingly fraudulent evidence in violation of Plaintiff's federal rights, and refer the matter for disciplinary investigation by the Florida Bar and prosecutorial review by the Office of the Florida Attorney General or other appropriate enforcement agency.

I. Declare that the court's e-filing system, as administered by the City of Jacksonville and its third-party contractor Workflow, systematically

discriminates against pro se litigants and, in violation of the Equal Protection Clause and the constitutional right of access to courts. Such administration obstructs filings and unlawfully excludes filings without legal basis or procedural safeguards.

**J.** Declare that Judge Derke's refusal to acknowledge or address the unexplained removal, reappearance, and tampering of docketed court records constitutes willful judicial misconduct under color of law. Such omissions materially denied Plaintiff due process and constitute acquiescence to fraud on the court.

**K.** Declare that Judge Derke's ratification of unconstitutional conduct by Magistrate Greene—including the expulsion of Charles Force, RETROACTIVE removal of filings long standing on the on the court record after disposing of the case ultra vires, and lack of addressing the conduct of ex parte discussions that were clearly objected to on the record—amounts to deliberate indifference and a knowing deprivation of constitutional rights under color of law in violation of 42 U.S.C. § 1983.

**L.** Declare that Magistrate Greene's unilateral setting of a trial date—without conducting a mandatory pretrial mediation under Florida Small Claims Rule 7.090(a)—was undertaken without jurisdiction, contrary to court rules, and is void ab initio. All resulting orders, proceedings, and trial outcomes arising therefrom are similarly void for want of lawful authority.

**M.** Declare that Magistrate Greene's expulsion of Charles Force (Sr.) appearing for his son ( out of state completing a post grad) under valid power of attorney filed with the court months prior, constituted an unlawful denial of court access and violation of procedural due process. No required pretrial mediation hearing was held, opposing party did not appear no motion was filed, and no finding of unauthorized practice was entered—making the exclusion facially unconstitutional and void.

**N.** Declare that all rulings, orders, or judicial acts taken by Judge Derke after entry of the May 12, 2025, Final Judgment—including the May 16, 2025, retroactive order striking the Defendant's pleading, the striking of defendant's valid Power of Attorney—are ultra vires acts and void. After final judgment was entered and docketed, the court lacked

jurisdiction absent a timely and authorized motion for rehearing or appeal, making subsequent judicial acts nullities as held in State ex rel. Landis v. Kress & Co., 155 So. 823 (Fla. 1934), and City of Clearwater v. Caldwell, 75 So. 2d 765 (Fla. 1954).

**O.** Declare that the recording of the May 12, 2025, Final Judgment into the official book of judgments prior to resolving pending motions and objections was outside the lawful authority of the court and renders the judgment procedurally defective and void.

**P.** Declare that Judge Derke's continued inaction in the face of procedural violations, judicial misconduct by her Magistrate, and manufactured evidence by Plaintiff's counsel constitutes an effective judicial cover-up, contributing to ongoing due process violations.

**Q.** Issue an injunction requiring equal e-filing access to the courts for ALL litigants, including pro se individuals.

R. Issue an injunction prohibiting the deletion or alteration of court filings by any non-judicial actor in Duval County without prior court order and advance notice to the parties, including the intentional

blocking of emails from confide court parties and authorized persons acting on their behalf.

S. Award nominal damages in the amount of one dollar ($1.00), including costs, to satisfy any jurisdictional or Article III standing requirement.

**T.** Recommend referral of the conduct described herein to the U.S. Department of Justice and/or appropriate judicial oversight bodies for investigation under 42 U.S.C. § 1983 and 18 U.S.C. § 2071, to including but not limited to the Florida Bar and the Florida Attorney General.

**U.** Grant any such other and further relief as this Court deems just and proper.

**AFFIRMATION**

This Complaint is submitted in good faith and in accordance with Federal Rule of Civil Procedure 11(b), and is based on Plaintiff's personal knowledge, the official court record, and reasonable inquiry at the time of filing.

Respectfully submitted,

Charles C. Force
Plaintiff, In Propria Persona (Pro Se)
3735 Rubin Road, Jacksonville, FL 32257
305-587-1901 force@countermail.com

Notary Public State of Florida
Wayne M Shimer
My Commission HH 675551
Expires 5/12/2029