UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CHARLES C. FORCE,

    Plaintiff,

v.                                                             Case No. 3:25-cv-633-MMH-MCR

CAPITAL ONE, N.A., et al.,

    Defendants.

## **O R D E R**

THIS CAUSE is before the Court sua sponte. On July 22, 2025, Plaintiff, Charles Force, filed a Combined Opposition to Motion to Dismiss and Motion to Strike for Fraudulent Service Certification, False Allegations, and Misapplied Authorities (Doc. 17; Response). Upon review, the Court finds that the Response is deficient in several ways and as such, the filing is due to be stricken.

Force proceeds pro se. While the Court construes filings by pro se litigants leniently, Loren v. Sasser, 309 F.3d 1296, 1304 (11th Cir. 2002), the pro se litigant is still required to "conform to procedural rules." Riley v. Fairbanks Cap. Corp., 222 F. App'x 897, 898 (11th Cir. 2007) (quoting Loren, 309 F.3d at

1304).¹ Force's Response violates Rule 3.01(b) of the Local Rules of the United States District Court for the Middle District of Florida (Local Rule(s)). Under Local Rule 3.01(b), "[a] party responding to a motion or brief may file a legal memorandum no longer than twenty pages inclusive of all parts." The Response greatly exceeds this page limit.

Moreover, in the Response, Force asks the Court to strike Judge Derke and Magistrate Green's Motion to Dismiss Plaintiff's Complaint (Doc. 9; Motion), filed July 2, 2025. But a request for affirmative relief, such as a request to strike a filing, is not properly made when simply included in a response to a motion. See Fed. R. Civ. P. 7(b). And even if it were proper to include this request in the Response, the request is otherwise due to be denied for failure to comply with Local Rule 3.01(g). Local Rule 3.01(g) requires certification that the moving party has conferred with opposing counsel in a good faith effort to resolve the issue raised by the motion and advising the Court whether opposing counsel agrees to the relief requested. See Local Rule 3.01(g).

---

¹ In citing to Riley, the Court notes that "[a]lthough an unpublished opinion is not binding … , it is persuasive authority." United States v. Futrell, 209 F.3d 1286, 1289 (11th Cir. 2000) (per curiam); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36–2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

All filings with the Court must be made in accordance with the requirements of the Rules and the Local Rules. The Local Rules are available for review at www.flmd.uscourts.gov, and a copy may be obtained by visiting the Clerk's Office. The Federal Rules of Civil Procedure are available online and in state court law libraries.

Accordingly, it is

**ORDERED:**

Plaintiff, Charles Force's Combined Opposition to Motion to Dismiss and Motion to Strike (Doc. 17) is **STRICKEN**. On or before **August 5, 2025**, Force may file a response to [9] the motion to dismiss that complies with all applicable rules.

**DONE AND ORDERED** in Jacksonville, Florida, on this 28th day of July, 2025.

MARCIA MORALES HOWARD
United States District Judge

lc33

Copies to:
Pro Se Party
Counsel of Record