# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

CHARLES C. FORCE,

      Plaintiff,

v.                                                      Case No. 3:25-cv-633-MMH-MCR

CAPITAL ONE, N.A., et al.,

      Defendants.

_____

# O R D E R   T O   S H O W   C A U S E

**THIS CAUSE** is before the Court <u>sua</u> <u>sponte</u>. On four occasions, the Court has directed Plaintiff, Charles C. Force, to comply with the requirements of the Federal Rules of Civil Procedure (Rule(s)), the Local Rules of the United States District Court for the Middle District of Florida (Local Rule(s)), and Court Orders. <u>See</u> Order (Doc. 4), entered June 11, 2025, at 1, 5–7 (explaining that Force must comply with the Rules, Local Rules, and Court Orders and that all requests for relief must be made by motion); Order (Doc. 28; Order Striking Force's Response), entered July 28, 2025, at 1–3 (striking Force's response to a motion to dismiss, stating that all requests for affirmative relief must be made by motion, and directing Force to comply with the Rules and the Local Rules); Order (Doc. 53; Order Striking Rule 26(f) Notice), entered August 13, 2025, at 1–2 (striking one of Force's notices and stating that the Court will take no action

on notices); Order (Doc. 67; Order Noting Nonexistent Caselaw), entered September 2, 2025, at 4–5 (cautioning Force to not "cite nonexistent cases or cases that plainly do not stand for the proposition for which he cites them" and stating that continuing to do so may result in sanctions up to and including dismissal).[1] Yet despite these repeated and detailed directives, in recent filings, Force continues to violate the Rules, the Local Rules, and Court Orders. See generally Plaintiff's Opposition to Defendant Kruss Motion to Dismiss (Doc. 71; Response to Kruss's Motion), filed September 8, 2025; Judicial Notice of State Judiciary's Incapacity to Fairly Adjudicate Underlying Case Now Firmly Established, And Supplement to Dkt. #27 (Doc. 72; Fifth Notice), filed September 15, 2025; Notice of Violation of Co[u]rt Order to Stay Discovery by Defendants Capital One and Kruss (Doc. 73; Sixth Notice), filed September 15, 2025; Plaintiff's Reply to Defendant Kruss's Response to Notice of Violation of Court Order (Doc. 75; Reply to Kruss's Response), filed September 22, 2025; Plaintiff's Motion to Disqualify Assistant Attorney General Sara E. Spears and

---

[1] Force proceeds pro se. As the Court explained in the Order Striking Force's Response:

> While the Court construes filings by pro se litigants leniently, Loren v. Sasser, 309 F.3d 1296, 1304 (11th Cir. 2002), the pro se litigant is still required to "conform to procedural rules." Riley v. Fairbanks Cap. Corp., 222 F. App'x 897, 898 (11th Cir. 2007) (quoting Loren, 309 F.3d at 1304).

See Order Striking Force's Response at 1–2. In citing to Riley, the Court notes that "[a]lthough an unpublished opinion is not binding … , it is persuasive authority." United States v. Futrell, 209 F.3d 1286, 1289 (11th Cir. 2000) (per curiam); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36–2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

the Florida Attorney General's Office for Institutional Conflict of Interest (Doc. 76; Motion to Disqualify), filed October 1, 2025. As such, the Court will order Force to show cause why this action should not be dismissed as a sanction for his failure to comply with the requirements the Court has identified. The Court writes briefly to outline some of the deficiencies in Force's Response to Kruss's Motion, Fifth Notice, Sixth Notice, Reply to Kruss's Response, and Motion to Disqualify. The Court will also address Defendant Gustavo Ramiro Kruss's response to the Sixth Notice. See Defendant Kruss' Response to Plaintiff's Notice of Violation of Court Order to Stay Discovery (Doc. 74; Response to the Sixth Notice), filed September 19, 2025.

Despite the Court's prior warnings, Force includes several nonexistent or misleading case citations in his Response to Kruss's Motion. He cites Ashley v. Bank of Am., 538 F. App'x 874 (11th Cir. 2013), for the proposition that Kruss's motion to dismiss should be denied because Force's "serious key and grave fundamental allegations … remain unaddressed … ." See Response to Kruss's Motion at 5. But the Federal Appendix citation 538 F. App'x 874 is not to a case called Ashley v. Bank of America, but rather a case called Hua Yao Yang v. U.S. Atty. Gen., 538 F. App'x 873 (11th Cir 2013), which does not discuss the standard for a motion to dismiss. Indeed, the Court was unable to identify any Eleventh Circuit case included in the Federal Appendix captioned Ashley v. Bank of America. Force also cites Graves v. Smith's Transfer Corp., 736 F.2d

819, 820 (1st Cir. 1984), for the proposition that "a court order is not effective until it is duly signed." See Response to Kruss's Motion at 9. But the court in Graves makes no such holding and does not discuss the requirements for a court order to be effective. See generally Graves v. Smith's Transfer Corp., 736 F.2d 819 (1st Cir. 1984). And, Force cites Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), for the proposition that "a complaint may not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims." See Response to Kruss's Motion at 16. While Scheuer does support this proposition, the Supreme Court explicitly retired this standard in 2007. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 563 (2007) (stating that the phrase is "best forgotten as an incomplete, negative gloss on an accepted pleading standard … "). The Response to Kruss's Motion will be stricken from the record.

Force's Fifth Notice, which he states he files "to preserve evidence … and to highlight the obstruction that forecloses meaningful state-court adjudication of [his] constitutional rights," see Fifth Notice at 2, is improper because it appears to be an attempt to file evidence that Force contends supports his claims. The Court previously explained to Force that "the Court will not act on notices, and [Force] should not continue to clutter the docket with such filings." See Order Striking Rule 26(f) Notice at 2. Force's unnecessary filings clog the docket and waste resources, including opposing counsel's, the Court's, and the Court's parajudicial staff's time in processing, reading, and responding to the

filings. Moreover, Force includes a section in his Fifth Notice captioned "Relief Requested," in which he requests the entry of much of the same relief he requests in his complaint. <u>Compare</u> Fifth Notice at 15 (requesting the entry of declaratory judgment and the award of nominal relief of $1), <u>with</u> Complaint for Declaratory Relief (Doc. 1), filed June 9, 2025, at 41–47 (requesting the entry of more expansive declaratory judgment and the award of nominal relief of $1). Force's Fifth Notice is not a motion as required to seek relief under Rule 7(b) and does not include a legal memorandum as required by Local Rule 3.01(a) or include a certificate of conferral as required by Local Rule 3.01(g). <u>See generally</u> Fifth Notice. The Court has previously admonished Force to comply with Rule 7(b) and Local Rule 3.01(g). <u>See</u> Order Striking Force's Response at 2 (explaining that by including a request for affirmative relief in a response to a motion to dismiss, Force violated Rule 7(b) and Local Rule 3.01(g)); <u>see also</u> Fed. R. Civ. P. 7(b). Additionally, the Court's preliminary review of Force's Fifth Notice reveals that Force again includes misleading or nonexistent case citations. For example, Force cites <u>Phillips v. Phillips</u>, 685 So. 2d 85 (Fla. 1st DCA 1996), for the proposition that "Florida courts consistently hold that failure to adjudicate pending dispositive motions constitutes reversible error." <u>See</u> Fifth Notice at 4. But the Southern Second citation 685 So. 2d 85 is not to a case called <u>Phillips v. Phillips</u>, but rather a case called <u>Lowe Inv. Corp. v. Clemente</u>, 685 So. 2d 84 (Fla. 2d DCA 1996), which does not discuss a court's

failure to adjudicate dispositive motions. In addition, he cites <u>Brydger v. Brydger</u>, 910 So. 2d 381 (Fla. 4th DCA 2005), for the same proposition. <u>See</u> Fifth Notice at 4. But again, the Southern Second citation 910 So. 2d 381 is not to a case called <u>Brydger v. Brydger</u>, but rather a case called <u>Whitley v. Royal Trails Prop. Owners' Ass'n, Inc.</u>, 910 So. 2d 381 (Fla. 5th DCA 2005), which likewise does not discuss the proposition for which Force cites "<u>Brydger</u>." For all of these reasons, the Court will strike the Fifth Notice.

Force's Sixth Notice, which he says he files to notify the Court that two Defendants "have issued [him] a deposition notice" despite the Court's entry of a stay of discovery, <u>see</u> Sixth Notice at 1, is also improper. As noted, the Court has cautioned Force that it will not act on notices and that such filings are improper. <u>See</u> Order Striking Rule 26(f) Notice at 2. So the filing of the Sixth Notice serves no purpose. Indeed, Force seeks no specific relief in this filing. Regardless, any objection to discovery conducted as part of the state court proceedings should be raised in the state court. And, this Court's stay of discovery in this action has no effect on the state court proceeding. Thus, the Court will strike the Sixth Notice. Kruss responded to the Sixth Notice, <u>see generally</u> Kruss's Response to the Sixth Notice; Exhibits (Docs. 74-1–74-5). As no response to the Sixth Notice was required, the Court will strike the Response to the Sixth Notice as well.

Force replied to Kruss's Response to the Sixth Notice, and in doing so included additional requests for affirmative relief. See Reply to Kruss's Response at 13 (asking the Court to recognize that the Kruss's service of the deposition notice violated a stay entered in this case and to "[a]dmonish Kruss and [Defendant] Capital One that further violations of [the] stay order will not be tolerated and that such conduct is of a sanctionable nature"); see also Order (Doc. 64), entered August 25, 2025 (staying discovery in this case pending the Court's resolution of motions to dismiss). Like his request for affirmative relief in the Fifth Notice, and as the Court explained in the Order Striking Force's Response, these requests are improper because they violate Rule 7(b). See Fed. R. Civ. P. 7(b); Order Striking Force's Response at 2. Moreover, Force again includes at least one misleading case citation. He cites U.S. v. Int'l Brotherhood of Teamsters, 266 F.3d 45, 50 (2d Cir. 2001), as including the quote, "[t]he characterization of a proceeding is not dispositive; courts examine its practical effect," but no such quote appears in that case. See Reply to Kruss's Response at 8; see generally Int'l Brotherhood of Teamsters, 266 F.3d 45. Force's Reply to Kruss's Response is also due to be stricken.

In his Motion to Disqualify, Force cites again more apparently nonexistent legal authority. In particular, he cites In re Advisory Opinion to the Governor re: Dual Representation of State Officers, 630 So. 2d 1055 (Fla. 1994). See Motion to Disqualify at 4–5. But as far as the Court can determine, the

Florida Supreme Court has never issued an advisory opinion by that name. The Southern Second citation 630 So. 2d 1055 is to an advisory opinion called <u>Advisory Opinion to the Governor-Dual Office-Holding</u>, 630 So. 2d 1055 (Fla. 1994).[2] Force states that in the advisory opinion, the Florida Supreme Court "held that the Attorney General may not ethically represent multiple state officers where their legal interests diverge, because the duties of loyalty and confidentiality make such dual representation improper." <u>See</u> Motion to Disqualify at 5. But in <u>Dual Office-Holding</u>, the Florida Supreme Court did not discuss the Attorney General's representation of anyone, let alone how his duties of loyalty and confidentiality would affect such representation. <u>See generally</u> <u>Dual Off.-Holding</u>, 630 So. 2d 1055. The Motion to Disqualify is also due to be stricken.

In addition to striking Force's Response to Kruss's Motion, Fifth Notice, Sixth Notice, Reply to Kruss's Response, and Motion to Disqualify because each violate one or more of the Rules, Local Rules, and the Orders of this Court, the Court has considered whether additional sanctions are warranted at this time. Two bases for the possible imposition of additional sanctions against Force are apparent. First, a district court has inherent authority to "sanction a party or

---

[2] Article IV, § 1(c) of the Florida Constitution permits the Florida Supreme Court to issue advisory opinions to the governor "as to the interpretation of any portion of th[e] constitution upon any question affecting the governor's executive powers and duties." Fla. Const. art. IV, § 1(c).

attorney who 'shows bad faith by delaying or disrupting the litigation or by hampering enforcement of a court order.'" <u>Malautea v. Suzuki Motor Co., Ltd</u>, 987 F.2d 1536, 1545–46 (11th Cir. 1993) (citation omitted). Acting pursuant to this authority, a district court can dismiss a claim or an action. <u>See</u> <u>Chambers v. NASCO, Inc.</u>, 501 U.S. 32, 45 (1991) ("As we recognized in <u>Roadway Express[, Inc. v. Piper</u>, 447 U.S. 752 (1980)], outright dismissal of a lawsuit, which we had upheld in <u>Link[ v. Wabash R. Co.</u>, 370 U.S. 626 (1962)], is a particularly severe sanction, yet is within the court's discretion."); <u>see also</u> <u>Zocaras v. Castro</u>, 465 F.3d 479, 483 (11th Cir. 2006) ("[A] court … has the inherent ability to dismiss a claim in light of its authority to enforce its orders and provide for the efficient disposition of litigation."). "However, because a court's inherent powers are so potent, they must be exercised with restraint and discretion." <u>Malautea</u>, 987 F.2d at 1546; <u>see also</u> <u>Byrne v. Nezhat</u>, 261 F.3d 1075, 1106 (11th Cir. 2001), abrogated on other grounds by <u>Bridge v. Phoenix Bond & Indem. Co.</u>, 553 U.S. 639 (2008), as recognized by <u>Jackson v. Bank of Am., N.A.</u>, 898 F.3d 1348, 1357 n.10 (11th Cir. 2018). "The key to unlocking a court's inherent power is a finding of bad faith." <u>Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.</u>, 561 F.3d 1298, 1306 (11th Cir. 2009) (quoting <u>Barnes v. Dalton</u>, 158 F.3d 1212, 1214 (11th Cir. 1998)); <u>see also</u> <u>Byrne</u>, 261 F.3d at 1106.

Second, under Rule 11(b), when an unrepresented party files a paper with the court, the party certifies that "to the best of the person's knowledge,

information, and belief, formed after an inquiry reasonable under the circumstances … the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law[.]" See Fed. R. Civ. P. 11(b). "The filing of complaints, papers, or other motions without taking the necessary care in their preparation is a[n] … abuse of the judicial system, subject to [Rule 11] sanction." Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 398 (1990) (applying an earlier version of Rule 11). Significantly, Rule 11 "incorporates an objective standard." See Donaldson v. Clark, 819 F.2d 1551, 1556 (11th Cir. 1987) (en banc) (applying an earlier version of Rule 11). Thus, the Court must determine "whether a reasonable [litigant] in like circumstances could believe his actions were factually and legally justified." See McDonald v. Emory Healthcare Eye Ctr., 391 F. App'x 851, 852–53 (11th Cir. 2010) (quoting Kaplan v. DaimlerChrysler, A.G., 331 F.3d 1251, 1255 (11th Cir. 2003)) (alteration in original). "If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any … party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1). Notably, citing both Rule 11 and the inherent power, courts have found it proper to dismiss actions as a sanction for including misleading or nonexistent case citations in court filings. See, e.g., ByoPlanet Int'l, LLC v. Johansson, --- F. Supp. 3d ---, No.

0:25-cv-60630-LEIBOWITZ, 2025 WL 2091025, at *7–9 (S.D. Fla. July 17, 2025) (citing the court's inherent authority to sanction and Rule 11 in dismissing an action for the bad-faith citation of nonexistent cases); O'Brien v. Flick, No. 24-61529-CIV-DAMIAN, 2025 WL 242924, at *5–8 (S.D. Fla. Jan. 10, 2025), aff'd, No. 25-10143, 2025 WL 2731627 (11th Cir. Sept. 25, 2025) (citing the court's inherent authority to sanction in dismissing an action for the bad-faith citation of nonexistent cases).[3]

Based on the record in this case, including the improper filings outlined above, the Court concludes that Force's conduct in this case has delayed and disrupted the litigation. Force's continued citations of nonexistent cases and cases that plainly do not stand for the proposition for which he cites them appear to violate Rule 11. And Force's repeated violations of the Rules and the Court's Local Rules, which demonstrate seemingly no effort to correct many of the deficiencies the Court has identified, would likely support a finding that his delay, disruption, and disregard of Court Orders has been in bad faith. Indeed, it appears that Force is either unwilling or unable to comply with the Rules, Local Rules, and Court Orders. In light of the foregoing, the Court will provide

---

[3] The Court notes that although decisions of other district courts are not binding, they may be cited as persuasive authority. See Stone v. First Union Corp., 371 F.3d 1305, 1310 (11th Cir. 2004) (noting that, "[a]lthough a district court would not be bound to follow any other district court's determination, the decision would have significant persuasive effects").

Force an opportunity to show cause why the Court should not impose the sanction of dismissal.

Accordingly, it is

**ORDERED:**

1. The following filings are **STRICKEN**: Plaintiff's Opposition to Defendant Kruss Motion to Dismiss (Doc. 71); Judicial Notice of State Judiciary's Incapacity to Fairly Adjudicate Underlying Case Now Firmly Established, And Supplement to Dkt. #27 (Doc. 72); Notice of Violation of Co[u]rt Order to Stay Discovery by Defendants Capital One and Kruss (Doc. 73); Defendant Kruss' Response to Plaintiff's Notice of Violation of Court Order to Stay Discovery (Doc. 74); Plaintiff's Reply to Defendant Kruss's Response to Notice of Violation of Court Order (Doc. 75); and Plaintiff's Motion to Disqualify Assistant Attorney General Sara E. Spears and the Florida Attorney General's Office for Institutional Conflict of Interest (Doc. 76).

2. On or before **November 4, 2025**, Plaintiff, Charles C. Force, shall **SHOW CAUSE** why this action should not be dismissed as a sanction for his violations of the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Middle District of Florida, and the Orders of this Court.

3.   Force's obligation to respond to Ramiro Kruss A.K.A. Gustavo
Ramiro Kruss' Motion to Dismiss Plaintiff's Complaint (Doc. 54) is
**TOLLED** pending the Court's resolution of this Order.

**DONE AND ORDERED** in Jacksonville, Florida this 15th day of
October, 2025.

**MARCIA MORALES HOWARD**
United States District Judge

lc33

Copies to:
Pro Se Party
Counsel of Record