UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CHARLES C. FORCE,

    Plaintiff,

v.                                                          Case No.: 3:25-cv-633-JEP-MCR

CAPITAL ONE, N.A., GUSTAVO
RAMIRO KRUSS, JUDGE ELENI
ELIA DERKE and MAGISTRATE
MARQUITA GREENE,

    Defendants.
_____/

# ORDER

**THIS CAUSE** is before this Court on the Court's prior Show Cause Order (Doc. 80) and Plaintiff's Response (Doc. 84). Due to Plaintiff's repeated violations of the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Middle District of Florida, and Court Orders, this case is due to be dismissed.

## I.

Prior to the show cause order, the Court repeatedly informed Plaintiff of the procedural rules that he must follow. (*See* Doc. 4 at 1–7 (informing Plaintiff of procedural rules); Doc. 28 (striking Plaintiff's filing for violating Local Rule 3.01(b), Federal Rule of Civil Procedure 7(b), and Local Rule 3.01(g)); Doc. 53 at 2 (noting a violation of Rule 7(b)); Doc. 67 at 3 n.1 (noting a violation of Local

Rule 3.01(g))). And the show cause order was not the first time the Court cautioned Plaintiff against citing unsupportive or non-existent cases. (*See* Doc. 67 at 5 ("Force is cautioned that if he continues to cite nonexistent cases or cases that plainly do not stand for the proposition for which he cites them, he is subject to sanctions up to and including dismissal of this action.")).

Filings by *pro se* litigants are construed leniently. *Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002). Even so, "they must comply with procedural rules." *McNair v. Johnson*, 143 F.4th 1301, 1307 (11th Cir. 2025) (holding that a *pro se* litigant must also comply with a court's local rules).

As the Court previously informed Plaintiff, there are two possible grounds for sanctions against him:

> First, a district court has inherent authority to "sanction a party or attorney who 'shows bad faith by delaying or disrupting the litigation or by hampering enforcement of a court order.'" *Malautea v. Suzuki Motor Co.*, Ltd, 987 F.2d 1536, 1545–46 (11th Cir. 1993) (citation omitted). Acting pursuant to this authority, a district court can dismiss a claim or an action. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 45 (1991) ("As we recognized in *Roadway Express*[*, Inc. v. Piper*, 447 U.S. 752 (1980)], outright dismissal of a lawsuit, which we had upheld in *Link*[ *v. Wabash R. Co.*, 370 U.S. 626 (1962)], is a particularly severe sanction, yet is within the court's discretion."); *see also Zocaras v. Castro*, 465 F.3d 479, 483 (11th Cir. 2006) ("[A] court . . . has the inherent ability to dismiss a claim in light of its authority to enforce its orders and provide for the efficient disposition of litigation."). "However, because a court's inherent powers are so potent, they must be exercised with restraint and discretion." *Malautea*, 987 F.2d at 1546; *see also Byrne v. Nezhat*, 261 F.3d 1075, 1106 (11th Cir. 2001), abrogated on other grounds by *Bridge v. Phoenix Bond & Indem. Co.*, 553 U.S. 639 (2008), as recognized by *Jackson v. Bank of Am., N.A.*, 898 F.3d

1348, 1357 n.10 (11th Cir. 2018). "The key to unlocking a court's inherent power is a finding of bad faith." *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1306 (11th Cir. 2009) (quoting *Barnes v. Dalton*, 158 F.3d 1212, 1214 (11th Cir. 1998)); *see also Byrne*, 261 F.3d at 1106.

Second, under Rule 11(b), when an unrepresented party files a paper with the court, the party certifies that "to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law[.]" *See* Fed. R. Civ. P. 11(b). "The filing of complaints, papers, or other motions without taking the necessary care in their preparation is a[n] . . . abuse of the judicial system, subject to [Rule 11] sanction." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 398 (1990) (applying an earlier version of Rule 11). Significantly, Rule 11 "incorporates an objective standard." *See Donaldson v. Clark*, 819 F.2d 1551, 1556 (11th Cir. 1987) (en banc) (applying an earlier version of Rule 11). Thus, the Court must determine "whether a reasonable [litigant] in like circumstances could believe his actions were factually and legally justified." *See McDonald v. Emory Healthcare Eye Ctr.*, 391 F. App'x 851, 852–53 (11th Cir. 2010) (quoting *Kaplan v. DaimlerChrysler, A.G.*, 331 F.3d 1251, 1255 (11th Cir. 2003)) (alteration in original). "If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any . . . party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1). Notably, citing both Rule 11 and the inherent power, courts have found it proper to dismiss actions as a sanction for including misleading or nonexistent case citations in court filings. *See, e.g., ByoPlanet Int'l, LLC v. Johansson*, --- F. Supp. 3d ---, No. 0:25-cv-60630-LEIBOWITZ, 2025 WL 2091025, at *7–9 (S.D. Fla. July 17, 2025) (citing the court's inherent authority to sanction and Rule 11 in dismissing an action for the bad-faith citation of nonexistent cases); *O'Brien v. Flick*, No. 24-61529-CIV-DAMIAN, 2025 WL 242924, at *5–8 (S.D. Fla. Jan. 10, 2025), *aff'd*, No. 25-10143, 2025 WL 2731627 (11th Cir. Sept. 25, 2025) (citing the court's inherent authority to

sanction in dismissing an action for the bad-faith citation of nonexistent cases).

(Doc. 80 at 8–11) (footnote omitted). Accordingly, the Court provided Plaintiff with "an opportunity to show cause why the Court should not impose the sanction of dismissal." (*Id.* at 12).

## II.

With respect to Plaintiff's repeated rule violations, (*see* Docs. 4, 28, 53, 67), Plaintiff's response is largely non-responsive, (Doc. 84 at 3–4 (discussing Plaintiff's reasons for believing that a lengthy response was necessary)), or irrelevant, (*id.* at 4–5 (discussing the motion to stay and issues surrounding the case management reports)).[1] The remainder of Plaintiff's response discusses how he was "unaware" of the rules at issue, and "promptly corrected and refiled" motions when such errors were brought to his attention. (Doc. 54 at 6; *see also id.* at 7–8).[2]

While this Court could excuse Plaintiff for occasional violations of the

---

[1] Plaintiff spends almost three pages responding to the Court's alleged statement in its October 15, 2025 Show Cause Order (Doc. 80) that "'Force has not responded to Defendant Kruss's Motion to Dismiss (Doc. 55) and instead has continued filing other documents that do not comply with the Rules or the Court's prior instructions." (Doc. 84 at 1). Plaintiff also responds to an alleged citation to "Defendant Kruss's Motion to Dismiss (Doc. 55)." (*Id.* at 2). However, this Court cannot locate either the alleged statement or the alleged citation in any prior order.

[2] Plaintiff also alleges that there were "asymmetrical applications of local rules" because Capital One was not sanctioned for filing a motion in excess of the page limits, while Plaintiff was. (Doc. 84 at 4). However, the Court already addressed this claim and clarified that Capital One had not violated the Local Rules with respect to the length of its motion. (Doc. 67 at 3 n.2).

Local Rules given his *pro se* status, Plaintiff has repeatedly violated the same rules, even after numerous Court Orders informed him of the applicable rules and directed him to comply with them. Indeed, Plaintiff appears to be "either unwilling or unable to comply with the Rules, Local Rules, and Court Orders." (Doc. 80 at 11). Even after the show cause order, Plaintiff continues to violate the same rules. (*See, e.g.*, Doc. 86 (filing a motion that fails to include a Local Rule 3.01(g) certification); Doc. 94 at 1 ("advis[ing] the Court of material post-filing developments in related Florida state-court proceedings" and "request[ing] declaratory relief" in the same filing in violation of Federal Rule of Civil Procedure 7(b))).

### III.

For the following reasons, Plaintiff's justifications for having cited unsupportive or non-existent cases, (*see* Doc. 84 at 8–15), are inadequate.

**A.** In a prior filing, Plaintiff cited "*United States v. Valencia-Trujilo*, 573 F.3d 1171, 1180 n.6 (11th Cir. 2009)." (Doc. 62 at 8). Previously, the Court noted that *Valencia-Trujilo* does not discuss or stand for the proposition that "while a court may choose not to give effect to . . . a [judicial] notice, it cannot erase [such a notice] from the record." (Doc. 67 at 4) (quoting Doc. 62 at 8). Plaintiff now responds that the case does address "jurisdictional limits and the procedural consequences of filings affecting appellate authority." (Doc. 84 at 10). Plaintiff is again incorrect. Footnote 6 in *Valencia-Trujilo* discusses

standing in the context of a "rule of specialty claim." 573 F.3d at 1180 n.6.

**B.** In a prior filing, Plaintiff cited "Gamble v. United States, 2019 WL 7167297 (M.D. Fla. Dec. 23, 2019)," (Doc. 62 at 8), and now cites "*Gamble v. United States*, 587 U.S. —, 139 S.Ct. 1960 (2019)," (Doc. 84 at 10), for the same proposition related to filing "Judicial Notices," (Doc. 62 at 8). Even accepting Plaintiff's argument that the initial citation included "an inadvertent clerical copy error" as related to the reporter and court, (Doc. 84 at 10), *Gamble* does not discuss 'judicial notices' in any way, *see Gamble v. United States*, 587 U.S. 678 (2019).[3]

**C.** Plaintiff previously cited "In re Sun Healthcare Grp., Inc., 274 B.R. 790, 803 (Bankr. D. Del. 2002)." (Doc. 62 at 9). In a prior order, the Court noted that this case does not exist. (Doc. 67 at 4–5). Plaintiff asserts in response that "Sun Healthcare" does exist, and that the Court "confused two consecutive cases printed on adjacent pages." (Doc. 84 at 11). However, "Sun Healthcare" does not appear at 274 B.R. 790 or 789. *See In re Ellis*, 274 B.R. 782 (Bankr. S.D. Ill. 2002) (spanning reporter pages 782 to 788); *In re Nelson*, 274 B.R. 789 (B.A.P. 8th Cir. 2002), *aff'd*, 322 F.3d 541 (8th Cir. 2003) (spanning reporter pages 789 to 798); *see also In re Crawford*, 274 B.R. 798, 802 (B.A.P. 8th Cir. 2002) (spanning reporter pages 798 to 807).

---

[3] Plaintiff now asserts that he cited *Gamble* to "illustrate constitutional supremacy and due-process limits in federal proceedings." (Doc. 84 at 10).

**D.** As in a prior filing, Plaintiff cites "*Miller v. County of Santa Cruz*, 39 F.3d 1030, 1038 n.6 (9th Cir. 1994)" in the instant response. (Doc 62 at 9; Doc. 84 at 10–11). The Court previously noted that this case "does not mention judicial notice." (Doc. 67 at 5). Plaintiff originally cited *Miller* for the proposition that "striking [a judicial notice] is improper," (Doc. 62 at 9), and now relies on it for the proposition that "government officials act under color of state law when misusing official authority," (Doc. 84 at 11). However, footnote 6 in *Miller* discusses only whether California law "prevents counties from granting civil service commissions the subpoena power." 39 F.3d at 1037 n.6, *as amended* (Dec. 27, 1994).

**E.** Plaintiff previously cited "Ashley v. Bank of Am., 538 F. App'x 874 (11th Cir. 2013)," (Doc. 71 at 5), and now cites "Ashley v. Bank of America, N.A., 66 F. Supp. 3d 1280 (M.D. Fla. 2014)," (Doc. 84 at 14–15). He claims that "an Eleventh Circuit Federal Appendix citation may have been inadvertently transposed" in the first citation and that "Ashley v. Bank of America, N.A., 66 F. Supp. 3d 1280 (M.D. Fla. 2014), is a valid, published Middle District of Florida decision addressing wrongful foreclosure, due-process fairness, and standing." (*Id.* at 14). However, neither citation is to a case named "Ashley v. Bank of America," nor any case related to wrongful foreclosure. *See Hua Yao Yang v. U.S. Att'y Gen.*, 538 F. App'x 873 (11th Cir. 2013) (denying a petition for review of a Board of Immigration Appeals order and spanning reporter

pages 873 to 877); *Zetwick v. County of Yolo*, 66 F. Supp. 3d 1274 (E.D. Cal. 2014) (granting summary judgment in a sexual harassment lawsuit and spanning reporter pages 1274 to 1287), *rev'd and remanded*, 850 F.3d 436 (9th Cir. 2017).

Plaintiff also claims that the Court "fail[ed] to identify where the supposed mis-citation occurred." (Doc. 84 at 14). However, the Court clearly referenced Plaintiff's filing at Doc. 71, page 5, (Doc. 80 at 2–3), where he cited "Ashley v. Bank of Am., 538 F. App'x 874 (11th Cir. 2013)" for the proposition that "[g]iven these serious key and grave fundamental allegations that remained unaddressed, the Defendants Motion to Dismiss is therefore insufficient and must be denied," (Doc. 71 at 5).

**F.** Plaintiff cited "*Graves v. Smith's Transfer Corp.*, 736 F.2d 819, 820 (1st Cir. 1984)" for the proposition that "a court order is not effective until it is duly signed," (Doc. 71 at 9), and now relies on it for the proposition that "retaliatory or punitive conduct by an authority in response to the exercise of protected rights constitutes a violation of law," (Doc. 84 at 13). Contrary to Plaintiff's assertion, the Court did not state that *Graves* "does not exist." (*Id.*). Instead, the Court noted that "the court in *Graves* makes no such holding and does not discuss the requirements for a court order to be effective," (Doc. 80 at 4). Indeed, *Graves* does not stand for either of Plaintiff's propositions. *See Graves v. Smith's Transfer Corp.*, 736 F.2d 819, 820 (1st Cir. 1984) ("The only

issue in this case is whether *DelCostello v. International Brotherhood of Teamsters, et al.*, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983), should be applied retroactively.").

**G.** In a prior filing, Plaintiff cited *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). (Doc. 71 at 16). In his response, Plaintiff argues that despite the holding in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 546 (2007), *Scheuer* "remains binding Supreme Court precedent confirming that courts must assume the truth of well-pleaded allegations and refrain from dismissing claims prematurely unless no set of facts could support relief." (Doc. 84 at 15). But as the Court previously stated, (Doc. 80 at 4), *Twombly* overruled *Scheuer*'s "no set of facts" pleading standard on which Plaintiff relies, *see Twombly*, 550 U.S. at 546 (2007) (stating that the "no set of facts" phrase "is best forgotten as an incomplete, negative gloss on an accepted pleading standard").

**H.** Plaintiff previously cited "Phillips v. Phillips, 685 So. 2d 85 (Fla. 1st DCA 1996)," (Doc. 72 at 4), and now cites "Phillips v. Phillips, 820 So. 2d 1050 (Fla. 2d DCA 2002)," (Doc. 84 at 12). He argues that the Court "mischaracterizes this authority as 'nonexistent'" and that the case "is a valid, published decision." (*Id.*). However, neither citation is to any case named "Phillips v. Phillips." *See Lowe Inv. Corp. v. Clemente*, 685 So. 2d 84 (Fla. 2d DCA 1996) (spanning reporter pages 84 to 86); *Skiba v. State*, 820 So. 2d 1050

(Fla. 3d DCA), *opinion withdrawn and superseded on reh'g*, 827 So. 2d 379 (Fla. 3d DCA 2002).

**I.** Plaintiff previously cited "Brydger v. Brydger, 910 So. 2d 381 (Fla. 4th DCA 2005)," (Doc. 72 at 4), and now cites "Brydger v Brydger, 506 So. 2d 1030 (Fla. 4th DCA 1987)," (Doc. 84 at 12). While Plaintiff initially claimed "Brydger v. Brydger" involved a case where a "final judgment entered without resolving key motions reversed," (Doc. 72 at 4), he now asserts that the case exists and "supports the principle that discretion must be exercised consistently and not selectively against one party," (Doc. 84 at 12). Again, neither citation is to any case named "Brydger v. Brydger." *See Whitley v. Royal Trails Prop. Owners' Ass'n*, 910 So. 2d 381 (Fla. 5th DCA 2005); *Sams v. State*, 506 So. 2d 1027 (Ala. Crim. App. 1986) (spanning reporter pages 1027 to 1030); *Sams v. State*, 506 So. 2d 1027 (Ala. 1986).

**J.** Plaintiff previously cited "*United States v. International Brotherhood of Teamsters*, 266 F.3d 45, 50 (2d Cir. 2001)," (Doc. 75 at 8), and now cites "*United States v. International Brotherhood of Teamsters*, 948 F.2d 1338 (2d Cir. 1991)," (Doc. 84 at 12–13). Plaintiff quoted *Teamsters* for the holding that "[t]he characterization of a proceeding is not dispositive; courts examine its practical effect." (Doc. 75 at 8). He argues that the case exists, and that "[a]ny minor deviation in quotation formatting or parenthetical placement was a clerical copy error, not fabrication." (Doc. 84 at 12–13). However, neither case

includes this quote nor anything remotely resembling it. *See generally United States v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am., AFL-CIO*, 266 F.3d 45 (2d Cir. 2001); *United States v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am., AFL-CIO*, 948 F.2d 1338 (2d Cir. 1991).

**K.** Plaintiff previously cited "*In re Advisory Opinion to the Governor re: Dual Representation of State Officers*, 630 So. 2d 1055 (Fla. 1994)," (Doc. 76 at 4), and now cites "In re Advisory Opinion to Governor re: Dual Office-Holding by State Officers, 1 So. 2d 636 (Fla. 1941)," (Doc. 84 at 13). As the Court previously noted, (Doc. 80 at 7–8), Plaintiff's first citation is to an advisory opinion that does not stand for the proposition that "the Attorney General may not ethically represent multiple state officers where their legal interests diverge, because the duties of loyalty and confidentiality make such dual representation improper," (Doc. 76 at 5); *see also Advisory Op. to the Governor-Dual Off.-Holding*, 630 So. 2d 1055, 1057 (Fla. 1994) (addressing "[w]hether a member of a community college board of trustees is a district officer or a state officer for purposes of my appointment authority pursuant to Article IV, Section 1(f) of the Constitution of the State of Florida").

Plaintiff's new citation also does not support his assertion or relate to dual representation of state officials. *See Advisory Op. to Governor*, 1 So. 2d 636, 637 (1941) (addressing whether "[t]he Secretary of State can legally

qualify under such appointment as a member of the State Planning Board, or if under Section 15 of Article XVI of the State Constitution (or any other provision of the State Constitution) he would be prohibited from qualifying and serving on such Planning Board while continuing to hold the office of and exercising the duties of Secretary of State"). While Plaintiff now contends that this citation "illustrate[s] constitutional conflict-avoidance principles among state officers," (Doc. 84 at 13), Plaintiff's original contention was that the Florida Supreme Court held that "the Attorney General may not ethically represent multiple state officers where their legal interests diverge," (Doc. 76 at 5), which both cases clearly do not address.

Not only does Plaintiff fail to demonstrate good cause why this case should not be dismissed for citing non-existent or inapplicable cases, but he continues to cite such cases in his response. (Doc. 84 at 9, 16). Plaintiff cites *Donaldson v. Clark*, 819 F.2d 1551 (11th Cir. 1987) (en banc), for the Rule 11 sanctions standard. (Doc. 84 at 16). However, he quotes *Donaldson* as holding that such sanctions can be imposed only when the party acted with "deliberate disregard for the truth." (*Id.*). No such quote appears in the case. *See Donaldson*, 819 F.2d at 1555–61. Plaintiff also cites *Donaldson* for the proposition that "Rule 11 sanctions require subjective bad faith," (Doc. 84 at 9), despite *Donaldson* explicitly stating that "proof of bad faith is no longer

required" under Rule 11, 819 F.2d at 1560 (applying an earlier version of Rule 11).

## IV.

Plaintiff continues to file motions exhibiting the same deficiencies. He cites numerous cases that do not support his assertions. *Compare* (Doc. 92 at 3 ("Filings by an unadmitted attorney are void. See Thomas v. Cassidy, 249 F.2d 91 (4th Cir. 1957)[.]")), *with Thomas v. Cassidy*, 249 F.2d 91, 92 (4th Cir. 1957) (holding that even if the denial of a pro hac vice motion was appealable, there was no abuse of discretion by the lower court). In addition, Plaintiff's recent filings continue to cite non-existent or completely unrelated cases:

| Filling | Purported Citation | Purported Statement or Quotation | Deficiency |
|---|---|---|---|
| "Petition . . . to Strike" (Doc. 92) | Fletcher v. Southern Pacific Transp. Co., 679 F.2d 1115 (5th Cir. 1982) | "[S]uch defect cannot be cured retroactively by later or nunc pro tunc admission to the bar; filings by an unadmitted attorney are void." | This case does not exist.[4] |
| "Petition . . . to Strike" (Doc. 92) | United States v. Johnson, 327 F.2d 498 (4th Cir. 1964) | "[S]uch defect cannot be cured retroactively by later or nunc pro tunc admission to the bar; filings by an unadmitted attorney are void." | This case does not exist. |

---

[4] The only federal case matching the party names is *Fletcher v. S. Pac. Transp. Co.*, 648 F. Supp. 1400, 1400 (E.D. Tex. 1986) (transferring venue).

| | | | |
|---|---|---|---|
| "Motion . . . to Compel" (Doc. 93) | MacDraw, Inc. v. CIT Group Equip. Fin., Inc., 157 F.3d 956, 960–61 (2d Cir. 1998) | "Subsequent registration or admission cannot retroactively cure filings that were unauthorized when submitted." | This case does not discuss "unauthorized fillings" or attorney admissions. |
| "Motion . . . to Compel" (Doc. 93) | Hatten v. State, 203 So. 3d 142, 144 (Fla. 2016) | "Failure to perform mandatory procedural acts constitutes legal error." | The cited case merely remands a criminal case for resentencing pursuant to the applicable mandatory minimums. |
| "Motion . . . to Compel" (Doc. 93) | United States v. Rey, 811 F.2d 1453, 1457 (11th Cir. 1987) | "Federal courts likewise retain inherent authority to ensure accurate docketing and record integrity." | The cited case merely affirmed a criminal conviction and rejected claims related to a contingently-motivated informer and an *Allen* charge. |
| "Motion . . . to Compel" (Doc. 93) | Furr v. Seagate Tech., Inc., 82 F. Supp. 2d 1341, 1345 (M.D. Fla. 1999) | In the context of Local Rule 3.01(g): "No opposing party or counsel has authority to grant or negotiate the relief requested, rendering conferral futile and inapposite." | This case does not exist.[5] |

## V.

As previously discussed, this Court may impose sanctions on a party when bad faith is shown, pursuant to this Court's inherent authority. *See*

---

[5] The only federal case matching the party names is *Furr v. Seagate Tech., Inc.*, 82 F.3d 980 (10th Cir. 1996) (reversing the denial of a motion for judgment as a matter of law in an age discrimination suit).

*Malautea*, 987 F.2d at 1545–46. In addition, sanctions may be imposed when a party violates its duties to this Court under Rule 11. *See* Fed. R. Civ. P. 11(c). Despite the Court's previous admonitions and conclusion that Plaintiff's "conduct in this case has delayed and disrupted the litigation," (Doc. 80 at 11), Plaintiff continues to violate the Federal Rules of Civil Procedure, this Court's Local Rules, and Court Orders. Therefore, this Court finds that Plaintiff is acting in bad faith. *See In re Engle Cases*, 283 F. Supp. 3d 1174, 1242 (M.D. Fla. 2017) ("A party also demonstrates bad faith by delaying or disrupting the litigation or hampering enforcement of a court order." (quoting *Barnes v. Dalton*, 158 F.3d 1212, 1214 (11th Cir. 1998))).[6] As such, this case is due to be dismissed as a sanction under both Rule 11 and this Court's inherent authority.[7] *See O'Brien*, 2025 WL 242924 at *6.

## VI.

In light of the foregoing, it is **ORDERED**:

1. Plaintiff's "Petition for Recusal and Disqualification of Judge Marcia

---

[6] Although district court orders are non-precedential, they may be cited as persuasive authority. *See Stone v. First Union Corp.*, 371 F.3d 1305, 1310 (11th Cir. 2004) (noting that, "[a]lthough a district court would not be bound to follow any other district court's determination, the decision would have significant persuasive effects").

[7] Plaintiff claims that Federal Rule of Civil Procedure 11(c)(2) requires a "'safe harbor' notice" before imposition of a sanction. (Doc. 84 at 9). However, Rule 11(c)(2) requires an opportunity for correction only when a motion for sanctions has been filed by another party. Fed. R. Civ. P. 11(c)(2). When sanctions are imposed by the court, only "notice and a reasonable opportunity to respond" are required. Fed. R. Civ. P. 11(c)(1).

Morales Howard Pursuant to 28 U.S.C. § 455(a) and In Alternative § 144" (Doc. 86) is **DENIED AS MOOT**.[8]

2. This case is **DISMISSED WITHOUT PREJUDICE**.

3. The Clerk is directed to terminate any other pending motions and close this case.

**DONE** and **ORDERED** in Jacksonville, Florida on February 26, 2026.

_____
JORDAN E. PRATT
UNITED STATES DISTRICT JUDGE

Copies:
*Pro Se* Party
Counsel of Record

---

[8] Plaintiff filed this motion on November 5, 2025. (Doc. 86). The same day, and unrelated to Plaintiff's motion for recusal, this case was reassigned to the undersigned. (Doc. 87). Thus, the motion is denied as moot.